UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LEFEVER MATTSON, INC.,

        Plaintiff,

   v.

VERONICA BIVENS,

        Defendant.

No. 2:17-cv-01848-GEB-CKD

***SUA SPONTE* REMAND ORDER**[*]

On September 6, 2017, Defendant filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for the County of Sacramento. (Notice of Removal ("NOR"), ECF No. 1.) For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for the County of Sacramento for lack of subject matter jurisdiction.

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the

---

[*] The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must - remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

Defendant alleges in the Notice of Removal that federal question jurisdiction justifies removal. (NOR ¶ 5.) Specifically, Defendant contends:

> [T]he "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note hereafter "PFTA"[,] preempted State Law as to bona fide Residential tenants of foreclosed Landlords.
>
> . . . .
>
> Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" . . . .

(Id. ¶¶ 6-7 (bracket omitted).) Indeed, review of the Complaint reveals Plaintiff alleges one claim for unlawful detainer under state law. See id. at 10-12.

"[U]nder the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal." Polymatic Props., Inc. v. Mack, No. 2:12-cv-2848-LKK-EFB PS, 2012 WL 5932618, at *1 (E.D. Cal. Nov. 27, 2012) (citing Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985)). Defendant's "reference to the PTFA is best characterized as a defense or potential counterclaim." Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D.

2

Cal. Jan 18, 2012). Therefore, Defendant has not shown the existence of federal question removal jurisdiction. See Deutsche Bank Nat'l Trust Co. v. Ghosal, No. 14cv2582-GPC(WVG), 2014 WL 5587199, at *2 (S.D. Cal. Nov. 3, 2014) (remanding unlawful detainer action *sua sponte*).

For the stated reasons, this case is remanded to the Superior Court of California for the County of Sacramento.

IT IS SO ORDERED.

Dated: September 7, 2017

GARLAND E. BURRELL, JR.
Senior United States District Judge